UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDY ELLEN TATE,

           Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

           Defendant.

CASE NO. 16-cv-05015 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed (*see* Dkt. 22, 26, 27).

After considering and reviewing the record, the Court concludes that the ALJ erred by concluding that fatigue is not a medical diagnosis and by relying on this

erroneous conclusion in order to reject a treating physician's opinions regarding the mental limitations resulting from fatigue.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, JUDY ELLEN TATE, was born in 1953 and was 56 years old on the alleged date of disability onset of January 1, 2010 (*see* AR. 185-86). Plaintiff graduated from high school and has an associates degree in "early childhood" (AR. 51).   Plaintiff has work experience as a pre-school teacher (AR. 200-09).

According to the ALJ, plaintiff has at least the severe impairments of "diabetes mellitus; and morbid obesity (20 CFR 404.1520(c))" (AR. 22).

At the time of the hearing, plaintiff was living in a house with her husband, son and 18 year old granddaughter (AR. 50).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 74-80, 82-90). Plaintiff's requested hearing was held before Administrative Law Judge Rudolph Murgo ("the ALJ") on May 14, 2014 (*see* AR. 38-65). On June 13, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 17-37).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) The RFC determination is not supported by substantial evidence because the ALJ improperly rejected the opinions from treating physician Dr. Samuels on the erroneous basis plaintiff's fatigue was not properly tied to an impairment or an impairment itself; and (2) The ALJ erred by failing to discuss third-party witness evidence regarding plaintiff's ability to work (*see* Dkt. 22, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the RFC determination is supported by substantial evidence because the ALJ improperly rejected the opinions from treating physician Dr. Samuels on the erroneous basis plaintiff's fatigue was not properly tied to an impairment or an impairment itself.**

When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2). In addition, a "treating physician's medical opinion as to the nature and

severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (citing SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)).

Dr. Chris Samuels, M.D. was plaintiff's primary care treating physician for over three years when he rendered his opinion regarding plaintiff's mental functional limitations (*see* AR. 1125). As noted by the ALJ, regarding mental limitations, among other opinions, Dr. Samuels opined that plaintiff's "fatigue resulted in several marked and extreme limitations on [plaintiff's] ability to maintain sustained concentration and persistence" (AR. 28 (citing AR. 1122-25)). The ALJ provided one main reason for failing to credit fully Dr. Samuels' opinions regarding mental limitations: that fatigue "is not a medical diagnosis and Dr. Samuels never indicated what the claimant's fatigue is related to and/or caused by" (AR. 29). However, this is not a legitimate reason based on substantial evidence in the record as a whole, as fatigue is a medical diagnosis.

1       On November 11, 2013, Dr. Samuels diagnosed plaintiff with "Fatigue (780.79) –

2 disabling … not able to work more than 4 hrs" (AR. 1094; *see also* AR. 681 (listing

3 fatigue as a potential diagnosis); AR. 895 ("diagnosis: fatigue")). At that time, in 2013,

4 according to the International Classification of Diseases, Ninth Revision, Clinical

5 Modification, ("ICD-9-CM"), which was in effect in the United States until October 1,

6 2015, diagnostic code 780.79 represented a diagnosis for the impairment "other malaise

7 and fatigue," and was "a billable medical code that [could] be used to indicate a diagnosis

8 on a reimbursement claim  . . . ." ICD-9-CM, available at:

9 http://www.icd9data.com/2015/Volume1/780-799/780-789/780/780.79.htm (last visited

10 August 26, 2016). According to the United States Centers for Disease Control and

11 Prevention, the ICD-9-CM "is based on the World Health Organization's Ninth Revision,

12 International Classification of Diseases (ICD-9), [and] is the official system of assigning

13 codes to diagnoses and procedures associated with hospital utilization in the United

14 States." *See* CDC's Classification of Diseases, Functioning, and Disability, available at:

15 http://www.cdc.gov/nchs/icd/icd9cm.htm (last visited August 26, 2016). Although the

16 classification codes have changed, this was the coding system in effect at the time of Dr.

17 Samuels' opinion, and furthermore, "weakness"; "other malaise"; and "other fatigue"

18 also represent valid diagnoses under the new classification system. *See* ICD-9-CM,

19 available at: http://www.icd9data.com/2015/Volume1/780-799/780-789/780/780.79.htm

20 (last visited August 26, 2016).

21       Therefore, the ALJ's erroneous conclusion that fatigue is not a diagnosis cannot

22 entail a legitimate reason based on substantial evidence in the record for failing to credit

fully Dr. Samuels' opinions regarding plaintiff's mental limitations. Similarly, although the ALJ concludes that fatigue is not a mental diagnosis, the ALJ does not explain why plaintiff's fatigue, even if it is or results from a physical impairment, cannot result in mental limitations regarding the ability to maintain sustained concentration and persistence. Although the ALJ found in general that Dr. Samuels' opinion was inconsistent with objective medical findings, the ALJ does not indicate a single objective medical finding that he found to be inconsistent with Dr. Samuels' opinion other than, perhaps, the ALJ's erroneous conclusion that fatigue is not a medical diagnosis (*see* AR. 28-29).

In addition, Dr. Keith Stelzer, M.D., on April, 2010, noted that plaintiff "had a partial resection of her thyroid gland which showed a malignant B-cell lymphoma" (AR. 66). Dr. Selzer noted that plaintiff underwent three cycles of chemotherapy and that "her main symptom was fatigue which took longer for her to recover from after each subsequent cycle" (*id*.). Furthermore, Dr. X Steve Fu, M.D., noted on February 19, 2013, that plaintiff's "significant weakness" has "lingered on," and that she was suffering from "increasing fatigue" (AR. 1115). Therefore, even if the fatigue was not a standalone diagnosis, the ALJ's indication that it was not clear what the fatigue was related to and/or caused by is not based on substantial evidence in the record as a whole.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in

*Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

The Court cannot conclude with confidence "that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). A reasonable ALJ crediting fully Dr. Samuels' opinion regarding the marked and extreme sustained concentration and persistence limitations likely would have found plaintiff to be disabled. Therefore, the error is not harmless.

The ALJ offered different reasons for failing to credit fully Dr. Samuels' opinion regarding plaintiff's physical limitations. However, the ALJ relied on what plaintiff reported that she could do over a year, and years, prior to the date on which Dr. Samuels provided his opinion regarding physical limitations on November 6, 2013 in order to find a contradiction (AR. 29 (citing AR. 281 (4/24/12); AR. 300 (9/30/12); AR. 649 (4/26/11), AR. 896 (opinion regarding physical limitations rendered on 11/6/13)). It is not clear that

plaintiff's ability to walk on a flat surface for a mile at one point time contradicts her inability to do so over a year, or years, later. Furthermore, as noted, Dr. Fu noted on February 19, 2013, that plaintiff's "significant weakness" has "lingered on," and that she was suffering from "increasing fatigue" (AR. 1115). In addition, the ALJ failed to credit Dr. Samuels' opinion that plaintiff only could reach and perform manipulative activities for 15% of the workday on the basis that plaintiff reported that plaintiff "enjoys gardening, canning vegetables, and taking care of the animals on her property . . . ." but did not cite any evidence that plaintiff engaged in these activities for more than 15% of a typical workday (AR. 29). Without such evidence, there is no inconsistency, as plaintiff may have engaged in these activities for less than 15% of a typical workday. Therefore, the Court concludes that the ALJ should re-evaluate fully all of Dr. Samuels' opinion following remand of this matter, not just his opinion regarding mental limitations.

(2) **Did the ALJ err by failing to discuss third-party witness evidence regarding plaintiff's ability to work?**

The Court already has concluded that the ALJ erred when evaluating the medical evidence, *see supra*, section 1. Therefore, for this reason, and based on the record as a whole, the Court concludes that the ALJ should evaluate all of the evidence anew following remand of this matter.

The Court also notes that the ALJ failed entirely to discuss two lay opinions that are significant probative evidence. One of these lay opinions comes from plaintiff's former employer, indicating that plaintiff could not perform the duties of the job because

of too much fatigue, and the ALJ found at step four that plaintiff could perform her past relevant work as a preschool teacher. These errors, too, should be corrected following remand of this matter.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources." *See* 20 C.F.R. § 404.1513 (d). An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).   This, the ALJ failed to do.

## CONCLUSION

The ALJ only provided one reason for failing to credit Dr. Samuels' opinion regarding mental limitations, that fatigue is not a medical diagnosis. As this is incorrect, it cannot entail legitimate rationale for failing to credit fully Dr. Samuels' opinion regarding mental limitations. The ALJ's rationale for failing to credit Dr. Samuels'

1 opinion regarding physical limitations also is questionable, therefore, all of Dr. Samuels'
2 opinion should be evaluated anew.
3      Based on the stated reasons and the relevant record, the Court **ORDERS** that this
4 matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §
5 405(g) to the Acting Commissioner for further consideration consistent with this order.
6      **JUDGMENT** should be for plaintiff and the case should be closed.
7      Dated this 30th day of August, 2016.

                                               J. Richard Creatura
                                               United States Magistrate Judge